IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO.: 5:13-cv-00046-RLV-DSC

| | |
|---|---|
| BROADCAST MUSIC, INC.; WARNER-TAMERLANE PUBLISHING CORP.; HOUSE OF BRYANT PUBLICATIONS, LLC; COTILLION MUSIC, INC.; TERRY STAFFORD MUSIC CO.; SCREEN GEMSEMI MUSIC, INC.; SONGPAINTER MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; KENNY O'DELL MUSIC; ABKCO MUSIC, INC.; FOREIGN IMPORTED PRODUCTIONS AND PUBLISHING INC.; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MSUIC; HOUSE OF GAGA PUBLISHING INC.; REDONE PRODUCTION LLC d/b/a SONGS REDONE; PEER INTERNATIONAL CORPORATION; SONGS OF UNIVERSAL, INC., <br><br>Plaintiffs, <br><br>v. <br><br>RIVER CITY BAR AND GRILL LLC d/b/a RIVER CITY BAR AND GRILL; ANGELA J. HELSON AND JAY HELSON, each individually, <br><br>Defendants. | ORDER & JUDGMENT |

**THIS MATTER** is before the court on Plaintiff's Motion for Default Judgment (Doc. 33) and Memorandum in Support (Doc. 34), both filed on September 30, 2013.

I.     DISCUSSION

Plaintiff Broadcast Music, Inc. ("BMI") is a New York corporation that has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"). (Doc. 1 at 2.) All other Plaintiffs in this suit were

joined pursuant to Fed. R. Civ. P. 17(a) and 19(a), and are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. (*Id.*)

Defendant River City Bar and Grill LLC ("River City LLC") is a member-managed limited liability company organized and existing under the laws of the State of North Carolina. (*Id.* at 4.) River City LLC operates, maintains, and controls an establishment known as River City Bar and Grill (the "Establishment"), located at 155C Pinnacle Lane, Mooresville, NC. (*Id.*) Defendants Angela J. Helson and Jay Helson are members and managers of River City LLC with responsibility for the operation and management of the limited liability company and the Establishment. (*Id.*).

Plaintiffs allege seventeen claims of copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. (*Id.* at 5.) Plaintiffs' claims are supported by the declarations of Kerri Howland-Kruse ("Howland-Kruse") (Doc. 33-1) and Lawrence E. Stevens ("Stevens") (Doc. 33-2), along with other accompanying exhibits.

The record reveals that Plaintiffs were successful in serving Defendants on April 9, 2013, (Doc. 26), and Defendants' failure to answer or otherwise respond to the complaint resulted in an entry of Default by the Clerk of Court on June 28, 2013. (Doc. 30.)

Plaintiffs request relief[1] in the form of (1) an injunction restraining River City LLC from infringing the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502; (2) statutory damages in the amount of $35,000.00 (approximately $2,058.82 for each of the seventeen claims), pursuant to 17 U.S.C. § 504(c); (3) Plaintiffs' costs and reasonable attorney's

---

[1] On May 31, 3013, Defendants Angela J. Helson and Jay Helson filed a Chapter 13 bankruptcy case in the U.S. Bankruptcy Court for the Western District of North Carolina (Wilkesboro), Case No. 13-50477. As a result of this bankruptcy filing and automatic stay, Plaintiff's Motion for Default Judgment is limited to Defendant River City LLC. (Doc. 33 at 2, fn. 1.)

fees in the amount of $6,695.00, pursuant to 17 U.S.C. § 505; and (4) interest on these awards, pursuant to 28 U.S.C. § 1961. (Doc. 33 at 1-2.)

### A. Infringement

Plaintiffs have established each of their seventeen claims of copyright infringement for Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.[2]

Here, BMI made a number of phone calls and sent numerous warnings advising Defendants that a license was required to perform any of the several million musical compositions contained in the BMI Repertoire. (Doc. 33-2 at 2-3, ¶¶ 2-7.) BMI actually received an improper application for license and fee from Angela Helson that was returned with instructions on the proper procedure. (*Id.* at ¶6.) However, even after receiving five separate cease and desist notices from BMI (*Id.* at ¶7), a BMI employee visited the Establishment and made an audio recording that provides the basis for the seventeen copyright infringements claims alleged in the Complaint. (*Id.* at 3-4, ¶¶ 11-13.)

Thus, Plaintiffs have proven copy right infringement by River City LLC in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.*

### B. Injunctive Relief

Plaintiffs request that River City LLC d/b/a/ River City Bar and Grill and its agents, servants, employees, and all persons acting under its permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502. (Doc. 33 at 2.)

---

[2] Upon entry of default, the Court accepted as true Plaintiffs' allegations. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (other citations omitted.)

Section 502 provides that a court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Here, the requested injunctive relief is reasonable to prevent future copyright infringements by River City LLC.

### C. Statutory Damages

Plaintiffs request that River City LLC pay statutory damages in the amount of $35,000.00, which represents an award of approximately $2,058.82 for each of the seventeen claims of infringement, pursuant to 17 U.S.C. § 504(c). (Doc. 33 at 2.) Section 504(c) provides in pertinent part:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. 504(c)(1)-(2).

The Court finds that River City LLC's infringement was willful. The Plaintiffs have shown that on a number of occasions BMI provided River City LLC with notice of their existing copyrights on musical compositions and the requirement for River City LLC to obtain a license in order to lawfully perform the musical compositions. River City LLC's notice of its own illegal activity is clearly demonstrated by the improper attempt to apply for a license from BMI. However, even after the phone calls, warnings, cease and desists letters, and attempted application for a license, River City LLC persisted in their course of conduct, allowing infringing performances of musical compositions. Therefore, the requested statutory damages of $2,058.82

per infringement, totaling approximately $35,000.00, pursuant to Section 504(c)(1) and (2), are proper.

### D. Costs Including Reasonable Attorney's Fees

Plaintiffs request that River City LLC pay costs including reasonable attorney's fees in the amount of $6,695.00, pursuant to 17 U.S.C. § 505. Section 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

Having established seventeen claims of copyright infringement by River City LLC and after undersigns review of the affidavit of Plaintiffs' attorney M. Keith Kapp (Doc. 33-3), Plaintiffs' request for costs including reasonable attorney's fees is appropriate.

### E. Interest

Plaintiffs also request that River City LLC pay interest on the statutory damages and costs awarded by this Court, pursuant to 28 U.S.C. § 1961. Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).

As such, Plaintiffs' request for interest to be paid on the damages award is proper.

## II. CONCLUSION

**NOW, THEREFORE,** the Court concludes that judgment by default should be hereby entered against Defendant River City Bar and Grill LLC d/b/a River City Bar and Grill, in accordance with the prayer of said Complaint, Motion for Default Judgment, Memorandum in Support, and accompanying exhibits, for the sum set for below; and

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that the Plaintiffs have and recover of the Defendant the total sum of **$41,695.00,** together with interest on the full amount of this judgment, from the date of this judgment, pursuant to 28 U.S.C. 1961; and

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant and its agents, servants, employees, and all persons acting under its permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502.

A judgment consistent with this Order is hereby entered simultaneously herewith.

Signed: February 26, 2014

Richard L. Voorhees
United States District Judge